IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 20, 2001

**STATE OF TENNESSEE v. GLENN RUSSELL PARVIN**

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S42853, S42893, S43039     R. Jerry Beck, Judge**

_____

**No. E2000-01756-CCA-R3-CD**
**August 29, 2001**
_____

The Sullivan County grand jury issued presentments against the defendant on one count of operating a motor vehicle without a face shield; two counts of speeding; three counts of driving under the influence; three counts of driving on a revoked license; two counts of driving on revoked license after second or subsequent conviction for driving while intoxicated; one count of driving on revoked license after second or subsequent conviction for driving under the influence; one count of driving while intoxicated, fourth offense; and one count of driving under the influence, fourth offense. The charges resulted from three separate cases. The defendant pled to all of the crimes in two different plea hearings and the defendant was sentenced as a career offender to a total of eighteen years, with a minimum jail time of 585 days, and with his last six years to be served on probation. The trial court sentenced the defendant as a career offender and did not apprise the defendant of the possibility that he could be sentenced as a persistent offender, as opposed to a career offender. He moved to withdraw his guilty pleas on this ground. The trial court denied his motion, and he appeals the denial. Furthermore, the defendant waived his right to request probation or alternative sentencing in one case, and the state agreed to allow the defendant to serve probation in one case. In the third case, the defendant requested probation or alternative sentencing. The trial court denied his request, citing his extensive criminal history in support of its denial. The defendant also appeals this denial. After reviewing the record and applicable case law, we find these issues to be without merit and therefore affirm the lower court's denial of defendant's motion to withdraw his guilty pleas and its denial of probation or alternative sentencing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Steve McEwen, Mountain City, Tennessee, on appeal; and Terry L. Jordan, Assistant Public Defender, Blountville, Tennessee, at trial; for appellant, Glenn Russell Parvin.

Paul G. Summers, Attorney General & Reporter; Glen C. Watson, Assistant Attorney General; Greeley Wells, District Attorney General; and B. Todd Martin, Assistant District Attorney, for appellee, State of Tennessee.

## OPINION

## Statement of the Facts

On March 30, 1999, the defendant, Mr. Glenn Russell Parvin, was arrested for operating a motorcycle without a face shield, speeding, driving under the influence, driving on a revoked license, and driving on revoked license after second or subsequent conviction for driving while intoxicated [hereinafter Case S42,893]. On June 3, 1999, the defendant was arrested for speeding, driving under the influence, driving on a revoked license, driving on a revoked license after a second or subsequent conviction for driving while intoxicated, and driving while intoxicated, fourth offense [hereinafter Case S42,853]. On July 5, 1999, the defendant was arrested for driving under the influence, driving under the influence, fourth offense, driving on a revoked license, and driving on a revoked license after a second or subsequent conviction for driving while intoxicated [hereinafter Case S43,039]. Thereafter, Sullivan County grand juries issued presentments against the defendant for the crimes committed on the above dates.

On December 15, 1999, the defendant pled guilty to the charges in Case S42,893. He entered an open plea with the court, reserving the determination of the length and manner of sentencing for the court. The court scheduled a hearing to determine whether the defendant would receive probation or alternative sentencing in lieu of jail time. However, before the date of that hearing, the defendant entered into a plea agreement with the state regarding Case S42,893, in which the state agreed to enter a nolle prosequi for the charges of speeding and driving a motorcycle without a face shield. In return, the defendant agreed to waive his right to request probation or alternative sentencing for the remaining counts of the indictment.

On January 20, 2000, the court held a plea hearing in which the defendant pled guilty to the charges in Cases S42,853 and S43,039. At this hearing, the trial court fully advised the defendant of all of his rights, including his right against self-incrimination, right of confrontation, and right to compulsory due process. The court advised the defendant of the maximum and minimum possible ranges of sentencing that he could receive for these charges. Furthermore, the trial court fully apprised the defendant of all of his additional constitutional rights.

After being apprised of his rights, the defendant stated that he understood those rights and knowingly and voluntarily relinquished them. The prosecutor then read the facts to which the parties had stipulated. These stipulations included the facts of the crimes to which the defendant was pleading guilty, as well as the defendant's previous six felony convictions and his status as a career offender. After the prosecutor read these stipulations onto the record, the trial court explained to the defendant that because he would be sentenced as a career offender if he pled guilty, he was waiving his right to require the prosecution to prove all of the felonies underlying his classification as a career offender.

After ensuring that the defendant's pleas were voluntary and not the products of coercion the trial court sentenced the defendant for Case S42,893, in which the defendant had previously

entered an open plea of guilt, as well as Cases S42,853 and S43,039. The court sentenced the defendant as a career offender to a total of eighteen years, six years per case to be served consecutively, with a mandatory 585 days to be served in jail. The defendant waived his right to request probation or alternative sentencing for case S42,859 in his plea agreement with the state. However, he did not waive his right to request probation or alternative sentencing in Case S42,853, and the court agreed to hear this issue at a later date. With regard to case S43,039, the state agreed that the defendant could serve his six-year sentence for this case on probation after serving his sentences for the first two cases, S42,893 and S42,853.

Thereafter, the defendant filed a motion to withdraw his guilty pleas, and the court held a hearing on the defendant's motion on April 25, 2000. At this hearing, the defendant argued that the State could not use his pre-1989 felony convictions to enhance his sentence, as those convictions occurred before the enactment of the Tennessee Criminal Sentencing Reform Act. Furthermore, the defendant argued that he should be allowed to withdraw his guilty plea because he was not advised of the fact that the trial court or a jury would have the discretion to sentence him as a Range III persistent offender, as opposed to a Range IV career offender. The defendant based his argument on the language of the statute, which reads that an individual previously convicted of five or more felonies may be classified as a persistent offender. See Tenn. Code Ann. § 40-35-10(a)(1) (1997).

The defendant argued that the trial court should apply the standard of review set forth in Tenn. R. Crim. P. 32(f) that applies when the defendant has pled guilty but has not yet been sentenced, i.e. whether there is a "fair and just reason" to withdraw the guilty plea. The defendant argued that the stricter standard of review, i.e., to correct manifest injustice, which is applied when a defendant has pled guilty and been sentenced, should not apply, because the defendant pled guilty and was sentenced almost simultaneously, thus not allowing the defendant an opportunity to challenge his plea before being sentenced. The court denied the defendant's motion, stating that the motion failed under both of the standards set forth under Rule 32(f).

Subsequently, a hearing was held on June 17, 2000 to decide the unresolved issue of whether the court would allow the defendant to receive probation or alternative sentencing in lieu of jail time for case S42,853. The defendant argued that he should be placed on probation or in a community corrections program because his crimes were a result of his untreated alcoholism and because his conduct neither threatened nor caused serious bodily injury. The court denied the defendant's request based upon the defendant's extensive criminal record.

For the reasons stated in fra., we find that the trial court properly denied the defendant's request for probation or alternative sentencing. Furthermore, we hold that the allegation that petitioner's guilty plea was involuntarily entered is without merit.

## **Withdrawal of Guilty Pleas**

The defendant alleges that it was error for the trial court to deny his motion to withdraw his pleas of guilt. Specifically, the defendant asserts that his pleas were not made knowingly because the trial court failed to advise him that he could be sentenced as a persistent offender, as opposed to being sentenced as a career offender. The defendant, who was sentenced to three six-year sentences for his commission of three Class E felonies, relies on Tennessee Code Annotated Sections 40-35-108(a)(3) and 40-35-107(a)(1) to support his argument that a defendant convicted of a Class E felony who has six prior felony convictions may be sentenced as either a career or persistent offender. The statutes provide, in pertinent part,

(a) A "career offender" is a defendant who has received:
. . .
(3) At least six (6) prior felony convictions of any classification if the defendant's conviction offense is a Class D or E felony.

Tenn. Code Ann. § 40-35-108(a)(3) (1997).
(a) A "persistent offender" is a defendant who has received:
(1) Any combination of five (5) *or more* prior felony convictions within the conviction class or higher, or within the next two (2) lower felony classes, where applicable.

Tenn. Code Ann. § 40-35-107(a)(1) (1997) (emphasis added). The defendant asserts that because an individual with "five or more" felony convictions may be sentenced as a persistent offender, the defendant, who had six prior felony convictions, could have been sentenced as either a persistent or a career offender by the trial court and that it was error for the trial court not to advise the defendant of this possibility.

However, in his negotiated pleas with the state for two of the three cases, namely Cases S42,853 and S43,039, the defendant stipulated to the fact that he was a career offender. Once a defendant stipulates that he is a career offender, he or she can no longer challenge that classification, and the trial court must sentence the defendant as a career offender. Tennessee Code Annotated Section 40-35-108(c) provides that "[a] defendant who is found by the court beyond a reasonable doubt to be a career offender shall receive the maximum sentence within the applicable Range III." Tenn. Code Ann. § 40-35-108(c) (1997). In short, the trial court does not have any discretion when sentencing a career offender. See State v. Albert Franklin, No. 02C-01-9404-CR-00081, 1994 WL 697928 at *1 (Tenn. Crim. App. at Jackson, Dec. 14, 1994).

After the defendant pled guilty to Cases S42,853 and S43,039 and the trial court learned of the defendant's stipulated status as a career offender, the trial court sentenced the defendant to six years for each case, based upon the maximum sentence within the applicable sentencing range. See Tenn. Code Ann. § 40-35-108(1) (1997); see also Tenn. Code Ann. § 40-35-108(c) (1997) (stating that career offenders must receive the maximum sentence allowed within the applicable Range III for that offense); Tenn. Code Ann. § 40-35-112(c)(5) (1997) (stating that the maximum sentence for a Class E Felony under Range III is six years). Because the trial court had no choice but to sentence the defendant as a career offender in Cases S42,853 and S43,039, the trial court was not required to apprise the defendant that he could be sentenced as a persistent offender.

Although neither party addresses the issue in its brief, the defendant did not stipulate to the fact that he was a career offender as part of a negotiated plea with the state in Case S42,893, as the defendant did not negotiate a sentence for Case S42,893, but rather entered an open plea of guilt with the court. Although the defendant did not stipulate to the fact that he was a career offender in this case, as once the trial court finds that the defendant has the requisite number of prior felony convictions beyond a reasonable doubt, see Tenn. Code Ann. § 40-35-108(c) (1997), the trial court has no choice but to sentence the defendant as a career offender, id.

The defendant does not dispute the validity of any of his six prior felony convictions. Therefore, the trial court, upon finding that the defendant had been convicted of six prior felonies, had no choice but to sentence the defendant as a career offender. The trial court properly apprised the defendant of the maximum range of punishment for his sentence as a career offender, and thus the defendant was properly apprised of all applicable sentencing considerations. Therefore, the defendant's assertion that the trial court erroneously denied his motion to withdraw his guilty pleas based upon the court's failure to properly apprise him of all sentencing considerations is without merit.

## Request for Probation or Alternative Sentencing

The defendant argues that the trial court erroneously denied his request to be placed on probation or, in the alternative, Community Corrections in Case S42,853. Specifically, the defendant argues that he is a viable candidate for probation or alternative sentencing (1) because he is presumed to be a suitable candidate for probation or alternative sentencing under Tennessee Code Annotated Section 40-35-102(6); (2) because he committed the crimes as a result of his alcoholism, for which he should receive treatment, not incarceration; (3) because his crimes were nonviolent, as no one was seriously injured by his actions; and (3) because he would be incarcerated for a disproportionately long amount of time for these nonviolent offenses if he is not granted probation or alternative sentencing.

## Standard of Review for a Trial's Court's Sentence Determination

This Court's review of the sentence imposed by the trial court is de novo with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is simply de novo. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tennessee Code Annotated Section 40-35-210, to consider the following factors in sentencing:

(1) the evidence, if any, received at the trial and the sentencing hearing;
(2) the presentence report;
(3) the principles of sentencing and arguments as to sentencing alternatives;
(4) the nature and characteristics of the criminal conduct involved;
(5) evidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and
(6) any statement the defendant wishes to make in his own behalf about sentencing.

Tenn. Code Ann. § 40-35-210(b) (Supp. 2000).

An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6) (1997). A trial court must presume that a defendant sentenced to eight years or less and who is not an offender for whom incarceration is a priority is

subject to alternative sentencing. State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993). It is further presumed that a sentence other than incarceration would result in successful rehabilitation of the defendant unless rebutted by sufficient evidence in the record. Id. at 380.

However, the presumption that a defendant is a suitable candidate for alternative sentencing or probation may be rebutted by evidence to the contrary. Such evidence may include the following sentencing considerations:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1) (1997). A court may also apply the mitigating and enhancement factors set forth in Sections 40-35-113 and -114, as they are relevant to the Section 40-35-103 considerations. Id. § 40-35-210(b)(5). Finally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining whether to grant an alternative sentence. Id. § 40-35-103(5).

### Denial of Probation or Alternative Sentencing Was Proper

The defendant argues that he is a suitable candidate for probation or alternative sentencing on four grounds. However, we find the defendant's arguments unpersuasive.

First, the defendant argues that the trial court improperly failed to presume that the defendant was a suitable candidate for alternative sentencing, as he meets the requirements of Section 40-35-102(6), which sets out the criteria for this presumption. However, contrary to his contention, the defendant does not meet the requirements for this presumption, as the presumption applies only to either especially mitigated or standard offenders. See Tenn. Code Ann. § 40-35-102(6) (1997). The defendant possesses a lengthy prior criminal history, which includes six felony convictions. Due to these prior convictions, the defendant cannot be classified as an especially mitigated or standard offender. See Tenn. Code Ann. § 40-35-109(1) (1997); Tenn. Code Ann. § 40-35-105(a)(3) (1997). Therefore, the trial court did not err by refusing to presume that the defendant was a suitable candidate for alternative sentencing or probation.

Moreover, while the defendant was eligible to receive a probationary sentence because he received a sentence of less than eight years, see Tenn. Code Ann. § 40-35-303(a) (Supp. 2000), the defendant has the burden of proving that he is a suitable candidate for probation, see Tenn. Code Ann. § 40-35-303(b) (Supp. 2000). The defendant has failed to meet that burden. As outlined supra, when imposing a sentence of confinement, the trial court should consider whether:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1) (1997). The defendant's criminal record is extensive, containing a total of forty-four criminal offenses, six of which are felonies. Additionally, in the past nine years, courts have revoked the defendant's parole twice and his probation twice. Furthermore, two of the cases involved in this appeal involve crimes that the defendant committed while released on bond. Therefore, at least two of the above criteria militate in favor of the trial court's sentence of incarceration, his lengthy criminal history and his tendency to violate terms of his probation, parole, or bond. See id. §§ 40-35-103(1)(A), (C).

Despite his lengthy criminal record, the defendant argues that his prior convictions are mostly drug- or alcohol-related, thus evidencing his untreated alcoholism. The defendant alleges that he should receive treatment for his alcoholism and that the trial court erred by refusing to consider the defendant's alcoholism as a mitigating factor. While a trial court may elect to consider a defendant's alcoholism as a mitigating factor, the court may also elect to give that mitigating factor less weight than an enhancing factor. See, e.g., State v. Cross, No. E1998-00364-CCA-R3-CD, 1999 WL 1097968 at *1 (Tenn. Crim. App. at Knoxville, Dec. 6, 1999) (upholding a trial court's denial of alternative sentencing to a defendant who pled guilty, inter alia, to a DUI charge where the trial court considered the defendant's alcoholism as a mitigating factor, but afforded the enhancing factors more weight). In the instant case, the record does not reflect that the trial court considered this factor. However, upon reviewing the matter, we remain convinced that the denial of the defendant's request for alternative sentencing was appropriate, based upon the defendant's prior criminal record.

Additionally, the defendant alleges that he is a proper candidate for probation or alternative sentencing because his crimes were nonviolent and resulted in no serious bodily injury. However, our courts have consistently held that driving under the influence of an intoxicant creates a great danger of risk to human life. See State v. Lawrence, 849 S.W.2d 761 (Tenn. 1993) (stating that Tenn. Code Ann. § 39-11-503 outlaws an intoxicated person's mere physical control of a vehicle because an intoxicated person's physical control of a vehicle renders it a lethal instrumentality); State v. Young, No. M1998-00402-CCA-R3-CD, 1999 WL 1179574 at *9 (Tenn. Crim. App. at Nashville, Dec. 15, 1999) (stating that a defendant who has been convicted of multiple DUI's may be sentenced consecutively as a dangerous offender because of the inherent danger of driving under the influence, quoting State v. Carl E. Campen, No. 01C01-9512-CC-00433, 1997 WL 661728 at *4 (Tenn. Crim. App. at Nashville, Oct. 24, 1997)). Therefore, the defendant's contention that his actions were not dangerous because they did not result in bodily injury is not persuasive.

Finally, the defendant argues that either he should be released on probation or serve an alternative sentence, because, if he is denied probation, he will be required to serve an extraordinary amount of time before he is eligible for probation. Specifically, the defendant states that he will be required to serve 1,704 days before he will begin to serve his sentence for the case at issue, Case S42,853. As stated above, the trial court's sentencing determinations are entitled to a presumption of correctness if the trial court properly considered the sentencing principles and all relevant facts and circumstances. In the instant case, the trial court simply alluded to the defendant's lengthy, "terrible record" when denying the defendant's request for probation or alternative sentencing. However, we find that the sentence was properly imposed, and probation was properly denied. As

discussed supra, the trial court properly categorized the defendant as a career offender per Section 40-35-108(1), in light of the defendant's six prior felony convictions, and therefore, the sentence imposed in Case S42,853, a six-year sentence, was properly imposed. Therefore, because the trial court properly exercised its discretion, the defendant's argument that the length of his sentence is too great is without merit.

In light of the above considerations, we hold that the defendant has failed to meet his burden of proving that he is a suitable candidate for probation or alternative sentencing per Tennessee Code Annotated Section 40-35-303(b).

## Conclusion

For the forgoing reasons, we find that none of the defendant's allegations merit relief. Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE